UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOLLY HEAD and JAMES HEAD, a
marital community,

                    Plaintiffs,

        v.

THE HOME DEPOT, U.S.A., INC., a
foreign corporation,

                    Defendant.

CASE NO. 18-5892 RJB

ORDER ON DEFENDANT'S
MOTION TO COMPEL

        THIS MATTER comes before the Court on Defendant The Home Depot, U.S.A., Inc.'s

Motion to Compel.  Dkt. 15.  The Court has considered the pleadings filed regarding the motion

and the remaining record.

        This negligence case arises from injuries the Plaintiff alleges she suffered after tripping

and falling at the Defendant's Poulsbo, Washington store.  Dkt. 1-1.  On November 2, 2018, the

case was removed from Kitsap County, Washington Superior Court based on the diversity of the

parties' citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332 (a)(1).  Dkt. 1.

On December 21, 2018, the Defendant served its first set of Interrogatories and Requests for Production of Documents to the Plaintiff. After a few agreed extensions, the Plaintiff provided her Initial Disclosures and responses to the Defendant's first set of written discovery. On February 25, 2019, the Defendant wrote the Plaintiff identifying deficiencies in the responses. The parties again had a conference and agreed that the Plaintiff would supplement her answers by March 8, 2019. No supplements were provided by that date.

On March 11, 2019, the Defendant filed this motion to compel and seeks an award of attorneys' fees. Dkt. 15. On March 27, 2019, it filed a reply, noting that no response to the motion was filed and again moved the Court for a motion compelling certain discovery and for an award of attorneys' fees. Dkt. 18. On March 28, 2019, three days after her response was due, the Plaintiff filed the declaration of her counsel, stating that all the sought after discovery was provided. Dkt. 19.

On April 4, 2019, the Defendant's motion was renoted because it was not clear what, if any, discovery remained to be compelled. The parties were given an opportunity, if they wished, to supplement their briefing on whether any discovery remained and whether sanctions, in the form of an award of attorneys' fees, should be ordered. The Defendant responded, and point out, with specificity which discovery remains and again moves for sanctions of $1,747.50 in attorneys' fees. Dkt. 21.

## DISCUSSION

### A. LATE FILED PLEADING

While the Plaintiff's response to the motion to compel was filed late and only appears in the form of a declaration from counsel, in the interest of fully and fairly considering all issues, it should be considered.

**B. MOTION TO COMPEL**

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense and proportional to the needs of the
> case, considering the importance of the issues at stake in the action, the
> amount in controversy, the parties' relative access to relevant information, the
> parties' resources, the importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery outweighs its likely
> benefit. Information within this scope of discovery need not be admissible in
> evidence to be discoverable.

Rule 37 (a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an
> order compelling disclosure or discovery. The motion must include a
> certification that the movant has in good faith conferred or attempted to confer
> with the person or party failing to make disclosure or discovery in an effort to
> obtain it without court action.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

The Defendant seeks to compel supplements to the Plaintiff's Initial Disclosures, Interrogatories No. 5, 6, 7, 11 and 14, arguing that the recent supplements were inadequate.

The Defendant's motion to compel supplements to Plaintiff's Initial Disclosures should be granted. The Plaintiff's Initial Disclosures are incomplete under Fed. R. Civ. P. 26(a)(1)(A); for example, the Plaintiff failed to identify any witnesses that she intended to support her claim other than herself, daughter and husband. She failed to explain what she meant by relying on her "claim submission" in relation to her disclosure about "documents to support [her] claims." She

did not provide a computation of each category or damages or any information about insurance, as is required.

The Defendant's motion to compel supplemental answers to Interrogatories No. 5, 6, 7, 11 and 14 should be granted.  The Plaintiff either did not answer them or provided incomplete answers.  As to her answer to Interrogatory No. 5, was incomplete.  For example, while she provided some information regarding her treatment providers, she did not identify any providers at either Bremerton Naval Hospital or at Harrison Medical Center-Silverdale; she just said "multiple" and "ER Department."  Dkt. 22, at 8.  She did indicate that she would supplement her answers when the medical records (which have been ordered) arrived.  She did not provide dates of treatment for most of the providers in answer to Interrogatory No. 5.  *Id.*

The Plaintiff referred to her answer for Interrogatory No. 5 in the answer to Interrogatory No. 6, and did not answer the question – she failed to identify treatment "with any other doctor, medical practitioner . . . who has not previously been identified in your answers to these interrogatories."  Dkt. 22, at 9.

As to Interrogatory No. 7, where she was asked to "identify any and all future medical treatment that has been recommended to you," the Plaintiff answered, "I am still treating with my providers identified in Interrogatory No. 5."  This answer was also non-responsive.

As she did in her Initial Disclosures, the Plaintiff only identified her daughter (a minor) in answer to Interrogatory No. 11 asking for her to "[i]dentify every witness known to [the Plaintiff] or to [her] attorneys who has any knowledge regarding the facts and circumstances surrounding the incident . . . or the injuries alleged . . . including . . . eye witnesses . . . medical witnesses, expert witnesses . . .."  Dkt. 22, at 9-10.  Her answer is incomplete.

Interrogatory No. 14, provides: "as to each item of past medical, future medical, and non-economic damages you are claiming, please identify the amount of said loss and the basis for calculating the alleged loss." *Id.*, at 10. The Plaintiff responded with:

> I continue to treat at Mariner Chiropractic which are $70 per visit, with approximately 2 visits per week at this time. My visits with Dr. Findley at Mariner Chiropractic are $30 per visit which are approximately 2 visits per week. I continue to have my co-pay for prescriptions, which average $7-$15 co-pay after insurance depending upon the medication. Each additional Tricare provider is covered after a $30 copay.
> I am unsure at this time how long I will need to continue to treat with these providers. Once a more definitive course of treatment is established, this Answer will be updated.

*Id.* The Plaintiff's answer to this interrogatory is incomplete.

While the Plaintiff indicated that discovery is ongoing and that she would supplement her answers at a later date, the Plaintiff should be ordered to supplement her answers within 14 days of the date of this order to more fully answer each of these interrogatories.

## C. MOTION FOR PAYMENT OF ATTORNEYS' FEES AS SANCTIONS

Under Rule 37 (a)(5)(A), if a motion to compel discovery is granted, "or if the disclosure or requested discovery is provided after the motion was filed the court must, after giving an opportunity whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." The rule further provides that: "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

The Defendant's motion (Dkt. 15) for an award of reasonable attorneys' fees should be granted, in part. The Plaintiff did not provide even a portion of the outstanding discovery until

after the motion to compel was filed.  The supplements were incomplete.  There is no showing that the supplemental responses' inadequacies were "substantially justified."  There is no "other circumstances that make an award of expenses unjust."

In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "While in most cases the lodestar figure is presumptively reasonable, in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69–70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (*internal and quotations citations omitted*).

Under *Kerr,* the court considers the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976).  These considerations are consistent with Washington Rules of Professional Conduct 1.5.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995)." *Id.* The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.*

1. *Lodestar Amount*

a. <u>Hourly Rates</u>

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should consider the experience, skill, and reputation of the attorneys requesting fees. *Schwarz v. Sec'y of Health & Human Serv.,* 73 F.3d 895, 906 (9th Cir. 1995). The Court is further allowed to rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjiam,* 647 F.3d 955, 928 (9th Cir. 2011).

The hourly rates requested by Plaintiff's attorneys are: $225.00 for partner Dennis Woods, and $175.00 for senior associate Kelsey Shewbert, who has been practicing since 2016. Dkt. 21, at 9. These rates are reasonable for the community and should be used to calculate fees.

b. <u>Hours Billed</u>

In the Ninth Circuit, "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district

court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)(*citing McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir.2008)).

Plaintiff's lawyers seek an award for the following hours expended: Woods .3 and Shewbert 9.6 hours.

"District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

The number of hours claimed here should be reduced. The hours claimed by Shewbert – 9.6 hours to prepare a motion to compel, reply, and motion in support of sanctions, is excessive. The hours lawyer Shewbert spent on these motions should be reduced to half that time to 4.8 hours.

The lodestar figure, then, is calculated as follows: Woods - $225 x .3 = 67.50; plus Shewbert - $175 x 4.8 = $840 for a total of $907.50.

After making the lodestar computation, the court must assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the factors announced in *Kerr. See Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). "Only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Id.,* at 746.

    2.   *Kerr Factors*

        a.   <u>The Time and Labor Required</u>. The Court has commented above on the time and labor required in determining reasonable hours.

b.    Novelty and Difficulty of Questions.  The questions in the case are not particularly difficult.   The law is not complex.  These factors do not favor a reduction or addition to the lodestar amount.

c.    Requisite Skill and Preclusion of Other Employment.  This motion did not require exceptional skill to perform the legal service properly, and the lawyers did not show that it precluded other employment by these attorneys more than any other case would.  The skill required is recognized in the hourly rate allowed.

d.    Customary Fee, Whether the Fee is Fixed or Contingent, Time Limits.  The customary fee in slip-and-fall cases is basically the lodestar amount.  Enhancements are not customary.  The contingent nature of the fees is considered in the hourly rates allowed. There is no evidence that any unusual time limits were placed on counsel, either by the client or by the circumstances.

e.    Amount Involved and Results Obtained.  There is no evidence in the record as to this factor.  No upward or downward departure from the lodestar amount is warranted by this factor.

f.    Experience, Reputation and Ability of Attorneys, Undesirability of Case and Relationship with Client.  The consideration of the experience, reputation and ability of these attorneys is addressed above in the lodestar and no further consideration is required.  The desirability or undesirability of the case does not provide a basis to increase or reduce fees here, nor does the nature and length of the professional relationship with the client favor an enhancement or reduction of the lodestar.

g.    Awards in Similar Cases.  No evidence has been submitted of awards of this nature in similar cases which counsel for a change in fees.

3. *Conclusion*

The *Kerr* factors and RPC 1.5 do not counsel for enhancement or reduction to the lodestar amount. Accordingly, the Defendant should be awarded attorneys' fees of $907.50, the lodestar amount.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11ᵗʰ day of April, 2019.

ROBERT J. BRYAN
United States District Judge

.